ISMAIL J. RAMSEY (CABN 189820)
United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

KAITLIN PAULSON (CABN 316804)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6824
    FAX: (415) 436-7234
    Kaitlin.Paulson@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. 22-CR-413 CRB |
| Plaintiff, | UNITED STATES' SENTENCING MEMORANDUM |
| v. | Judge:    Hon. Charles R. Breyer |
| DAVID CUEVAS, | Sentencing Date: April 12, 2024 |
| Defendant. | Time:    9:30 a.m. |

## I. INTRODUCTION

On February 8, 2023, defendant David Cuevas pleaded guilty without the benefit of a plea agreement to the one-count Information in this matter, charging him with Conspiracy to Commit Wire Fraud in violation of 18 U.S.C. §§ 1349 and 1343. The charge and conviction stem from Cuevas' conduct between May 2019 and January 2020, where Cuevas and his co-defendant stole mail from the homes of multiple victims, mainly in Marin County.[1] Cuevas and his co-defendant then used the stolen

---

[1] The related case of Cuevas' co defendant is *United States v. Leticia Algere*, 22-CR-00323 WHO. Co-defendant Algere pleaded guilty to the same count as Cuevas, successfully completed the

SENTENCING MEMORANDUM
22-CR-413 CRB
    1
    v. 10/25/2021

mail to access victims' accounts and to withdraw fraudulently victims' funds.

For the reasons set forth below, the government agrees with Probation's recommendation of an 18-month term of imprisonment and a three-year term of supervised release.

**II.     SENTENCING GUIDELINES CALCULATIONS**

As set forth in the written plea agreement, the Sentencing Guidelines calculation for Cuevas' offense level is as follows:

|   |   |   |
|---|---|---|
| a. | Base Offense Level, U.S.S.G. § 2X1.1(a)(1), § 2X1.1 | 7 |
| b. | Specific Offense Characteristics under U.S.S.G. Ch. 2 | |
|    | Loss amount: $51,204.44 [2B1.1(b)(1)(B) & 2B1.1, App. Note 3(A)]<br>     Actual loss: $10,485.36 [2B1.1, App. Note 3(A)(i)]<br>     Intended loss: $51,204.44 [2B1.1, App. Note 3(A)(ii)] | +6 |
|    | Offense involved receiving stolen property, and the defendant was a person in the business of receiving and selling stolen property [2B1.1(b)(4)] | +2[2] |
| c. | Adjustments under U.S.S.G Ch. 3 | N/A |
| d. | Acceptance of Responsibility: | -2 |
| e. | Adjusted Offense Level: | 13 |

The government agrees with the Probation Officer's calculation that places Cuevas in Criminal

---

Convictions Alternative Program, and received a time-served sentence.

[2]  The government objects to the PSR's exclusion of the receipt of stolen property enhancement. Pursuant to the United States Sentencing Commission commentary, this Court should consider a variety of factors in assessing whether the receipt of stolen property enhancement, including: (A) the regularity and sophistication of the defendant's activities; (B) the value and size of the inventory of stolen property; (C) the extent to which defendant's activities encouraged or facilitated other crimes; (D) the defendant's past activities involving stolen property. *See* U.S.S.G. §2B1.1, Application Note 5. This stolen property enhancement was applied in Cuevas' co-defendant's offense level and should be applied here.

As set forth in PSR, Cuevas and his co-defendant regularly stole mail and money from victims in Marin County. PSR ¶¶ 9–15. The conduct was relatively sophisticated as the pair were able, in at least one instance, to access the victim's bank account electronically. The defendants also repeatedly used other victims' accounts. The intended loss amount amounts to over $50,000, and so the value of stolen property is relatively significant. PSR ¶ 16. Cuevas had one conviction of receipt of stolen property, and shoplifting, as well as other arrests of theft and receipt of stolen property. PSR ¶¶ 55, 56, 59.

History Category VI.  PSR ¶ 60.  The Guidelines range associated with the adjusted offense level 13 and Criminal History Category VI is 33–41 months' imprisonment.[3]

### III. GOVERNMENT'S SENTENCING RECOMMENDATION

Cuevas' conduct is serious and adversely affected his victims, who had funds stolen from their mailboxes and bank accounts.  As set forth in the PSR, between May 2019 and January 2020, Cuevas and his co-defendant stole mail from the homes of multiple victims, mainly in Marin County.  *See* PSR ¶¶ 7–16.  Cuevas then used information and means of identification from the stolen mail to access victims' accounts and fraudulently to withdraw their money.  Cuevas stole at least $10,485.36 from six victims, with an intended loss of $51,204.44.  PSR ¶ 13.  For example, in one incident on December 4, 2019, where Cuevas was arrested in Larkspur, California, after Cuevas and his co-defendant were spotted rummaging through a vehicle.  PSR ¶ 9.  Cuevas was found wearing a headlamp and holding a window punch (a device used to shatter windows).  Cuevas' co-defendant Algere was found with U.S. mail from other addresses on her person and near her car, taken by Algere without permission.  In another incident, Algere engaged in similar mail theft and used information from the stolen mail to fraudulently access the accounts of victims.  *Id.* ¶ 10.  In another instance, Algere stole a check mailed by a victim and, beginning in January 2020, Algere made fraudulent withdrawals from that victim's account.  *Id.* ¶ 15.  The defendants also forged signatures and cashed stolen checks.  *Id.* ¶¶ 9–12.  Stolen funds were deposited in Cuevas' various bank accounts.  PSR ¶¶ 11–14.

That said, Cuevas ultimately accepted responsibility for his conduct and pleaded guilty to the charged crime.  In the time since his arrest, Cuevas has endeavored to address the issues that may have contributed to the commission of his crime, such as his substance abuse and mental health problems.  Cuevas has also sought to retain employment.

The government agrees with Probation's below-Guidelines recommendation of an 18-month term of imprisonment, given the seriousness of the crime and Cuevas' serious and significant criminal history, which includes firearm possession.  PSR ¶ 43.  That said, the government recognizes that Cuevas has made strides since his arrest in this matter and has sought to address his underlying issues

---

[3] The PSR determines that the Guidelines range, with an adjusted offense level of 11 and Criminal History Category VI, is 27–33 months' imprisonment.  *See* PSR ¶ 91.

SENTENCING MEMORANDUM                       3                              v. 10/25/2021
22-CR-413 CRB

and obtain gainful employment.  To the extent that the Court contemplates providing Cuevas with a time-served sentence in light, the government respectfully requests a maximum term of supervised release, here, three years.

### IV. CONCLUSION

The government respectfully requests that Cuevas be sentenced to a below-Guidelines term of imprisonment of eighteen months and a three-year term of supervised release.

ISMAIL J. RAMSEY
United States Attorney

Dated: April 5, 2024

*/s/ Kaitlin Paulson*
KAITLIN PAULSON
Assistant United States Attorney